IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JOHN VENERI, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DELAWARE COUNTY COURTHOUSE, et al. | : | NO. 16-3649 |
| | : | |

MEMORANDUM

GOLDBERG, J.                                                       AUGUST 31, 2016

      Anthony John Veneri Jr., a prisoner incarcerated at the State Correctional Institution at Somerset, filed a petition for a writ of mandamus against the Delaware County Courthouse, Judge Gregory M. Malloni, and District Attorney John Whalen. He seeks leave to proceed *in forma pauperis*. The Court will grant Veneri leave to proceed *in forma pauperis* and dismiss this case.

      In his mandamus petition, Veneri seeks release from state custody on the grounds that his state conviction is unconstitutional. After the Court issued an order requiring him to either pay the fees to commence this civil action or file a motion for leave to proceed *in forma pauperis*, Veneri submitted a motion to proceed *in forma pauperis* and a petition for a writ of *habeas corpus*.

      Veneri's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this mandamus action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss this action if it is frivolous. A pleading is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

1

The Court will dismiss the mandamus petition as frivolous because federal courts lack authority to issue a writ of mandamus against state officials. *See In re Brown*, 382 F. App'x 150, 150 (3d Cir. 2010) (per curiam) ("[T]o the extent that Brown seeks an order directing state courts or state officials to take action, the request lies outside the bounds of our mandamus jurisdiction as a federal court."). In any event, a state prisoner seeking to challenge the constitutionality of his conviction in federal court must raise his claims in a habeas petition pursuant to 28 U.S.C. § 2254, after exhausting state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also In re Robinson*, 425 F. App'x 114, 115 (3d Cir. 2011) (per curiam). As Veneri initiated this case as a mandamus action, *habeas* relief is inappropriate. Accordingly, the Clerk of Court shall strike the *habeas* petition from this docket.[1] An appropriate order follows, which shall be docketed separately.

---

[1] Veneri has repeatedly attempted to attack his state convictions by filing numerous *habeas* petitions. *See* E.D. Pa. Civ. A. Nos. 10-691, 12-1124 & 13-4546 (Apr. 14, 2014 order). That he has been unsuccessful does not mean that he may circumvent those rulings by filing for mandamus relief. Furthermore, Veneri has been repeatedly informed that he may not file a second or successive *habeas* petition without permission from the Third Circuit.